UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LASHONDA WRIGHT on behalf of IRC, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-841-TLS |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff, Lashonda Wright on behalf of IRC, a minor, seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge.

**PROCEDURAL BACKGROUND**

On February 19, 2016, the Plaintiff filed an application for supplemental security income benefits for IRC, a minor child. AR 17, ECF No. 10. The Plaintiff alleged that she became disabled on February 22, 2015, because of attention deficit hyperactivity disorder (ADHD), anxiety, attachment disorder, and impulse control disorder. AR 190. After a hearing, an Administrative Law Judge (ALJ) found that the Plaintiff was not disabled at any time from the application date through the date of the ALJ's September 18, 2018 decision. AR 17–32. The Appeals Counsel denied the Plaintiff's request for review. AR 1. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). The Plaintiff filed an opening brief,

and the Commissioner filed a response. ECF Nos. 14–15. The Plaintiff did not file a reply brief, and the time to do so has passed.

## THE ALJ'S DECISION

To be considered disabled, a child must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ follows a three-step inquiry in evaluating a claim for a child's supplemental security income under the Social Security Act.

First, the ALJ looks to whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a), (b). Here, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the application date. AR 20.

Second, the Commissioner looks to whether the claimant has a medically determinable "severe" impairment or combination of impairments. 20 C.F.R. § 416.924(a), (c). The ALJ found that the Plaintiff has the severe impairments of ADHD, borderline intellectual functioning, and oppositional defiant disorder. AR 20.

Third, the claimant's severe impairments must meet, medically equal, or functionally equal the requirements of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 416.924(a), (d); 20 C.F.R. § 416.926a(a). In assessing functional equivalence, the ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To be found disabled, the ALJ must find an "extreme" limitation in one category or a "marked" limitation in two categories. *Id.* § 416.926a(a), (d). A claimant has a "marked" limitation in a domain when her impairment(s) interferes seriously with her ability to

independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). At this step, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the Listings. Specifically, the ALJ found that the Plaintiff has less than a marked limitation in acquiring and using information, attending and completing tasks, and interacting and relating with others and no limitation in moving about and manipulating objects, the ability to care for herself, and health and physical well-being. AR 26–32. As a result, the ALJ found that the Plaintiff is not disabled. *Id.* at 32.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or

an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

## ANALYSIS

In seeking reversal and remand, the Plaintiff argues that the ALJ erred in her findings in the domain of "Interacting and Relating with Others" and in the domains of "Attending and Completing Tasks" and "Caring for Oneself." For the reasons set forth below, the ALJ sufficiently considered the relevant evidence of record, explained her decision, and cited substantial evidence in support of the findings.

**A.**     **Interacting and Relating with Others**

In this domain, the ALJ found that the Plaintiff has less than a marked limitation in interacting and relating with others. AR 29. In this section of the decision, the ALJ noted the record showing that the Plaintiff continued to engage in behavior counselling where play interventions were utilized to increase positive social interactions. *Id.* The ALJ cited therapy notes indicating that the Plaintiff would sometimes have difficulty interacting with her siblings but that she was pleasant and cooperative during office visits. *Id.* The ALJ also relied on the Plaintiff's testimony that she has friends at school and on school records showing that the Plaintiff could follow directions and accept redirection. *Id.*

The Plaintiff argues that this is a cursory analysis of the evidence and contends that the ALJ did not consider whether these examples are reflective of the Plaintiff's typical behavior

over the years. The Plaintiff then notes three instances between March and June 2016 and one instance in December 2017 during therapy sessions when the Plaintiff became upset and kicked the therapist's supplies, *id.* at 356; the therapist reported a regression in the Plaintiff's behavior and a disengagement from therapy, *id.* at 329; the therapist noted the Plaintiff yelling when she did not get her way, *id.* at 611; and the therapist noted that the Plaintiff lost focus, attempted to sit on a table instead of a chair, and struggled with following directions for the majority of the session, *id.* at 775. The Plaintiff also argues that the ALJ ignores that mental health symptoms often wax and wane.

However, as argued by the Commissioner, the Plaintiff fails to acknowledge the ALJ's detailed and thorough discussion of the evidence of record earlier in the decision. *See id.* at 21–26. The ALJ specifically considered that the Plaintiff required ongoing professional therapy to address her defiant behaviors. *Id.* at 23. The ALJ also considered therapy notes and other records showing the Plaintiff's occasionally disruptive behavior at certain times between 2014 and 2017. For example, the ALJ noted that the Plaintiff displayed defiant and aggressive behaviors in October 2014. *Id.* at 23 (citing *id.* at 290). The ALJ then noted that, in May 2015, the Plaintiff was described as aggressive and defiant. *Id*. (citing *id.* at 565). The ALJ noted that during a mental status examination in February 2016, the Plaintiff's mother reported that the Plaintiff continued to be argumentative and defiant at home and bossy with her peers. *Id*. (citing *id.* at 369–70). During that examination, the Plaintiff was loud and argumentative with her mother. *Id.* (citing *id.* at 370). The ALJ considered that, in September 2016, the Plaintiff was displaying increasingly aggressive behavior. *Id.* at 24 (citing *id.* at 640). The ALJ also noted that the Plaintiff's doctor stopped the prescription for Strattera in May 2017 because Plaintiff became angry and aggressive on the medication. *Id.* at 25 (citing *id.* at 759). Thus, the Plaintiff's contention that the ALJ ignored evidence of Plaintiff's disruptive behavior is not well taken. It

was sufficient for the ALJ to discuss the evidence earlier in the decision. *See Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (explaining that the court does not discount the ALJ's discussion of evidence "simply because it appears elsewhere in the decision"); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) (explaining that "it would be a needless formality to have the ALJ repeat substantially similar factual analyses" in different parts of the decision).

Also contrary to the Plaintiff's argument, the ALJ considered the fluctuations in the Plaintiff's symptoms during the period at issue, including that on at least one occasion, the fluctuation was caused by medication. AR 25. In addition to noting instances of disruptive behavior, the ALJ noted that the Plaintiff was pleasant, cooperative, and playful at an office visit in May 2017. *Id.* (citing *id.* at 651). The ALJ noted that, in August 2017, despite being hyperactive, the Plaintiff was pleasant and cooperative. *Id.* (citing *id.* at 648). The ALJ again noted that the Plaintiff was pleasant and cooperative at a September 2017 office visit. *Id.* (citing *id.* at 645). The ALJ noted that the Plaintiff participated well in a structured game with her therapist in December 2017. *Id.* (citing *id.* at 779).

In reviewing the relevant evidence regarding the Plaintiff's ability to interact and relate with others, the ALJ also considered the opinion of the state agency psychological consultant Kari Kennedy, Psy.D. On June 16, 2016, Dr. Kennedy opined that the Plaintiff had a "less than marked" limitation in the domain of "Interacting and Relating with Others," citing, among other things, the report of consultative examiner Dr. Alan Wax, Ph.D. AR 107, 575. During that consultative examination, the Plaintiff displayed adequate attention, had no problem completing formal testing, and was not unusually hyperactive for a child of her age. *Id.* at 575. On September 8, 2016, J. Gange, Ph.D., gave a similar opinion while noting that the Plaintiff was undergoing therapy at home to deal with negative behaviors. *Id.* at 117–18. Again, the Plaintiff cites only four visits, three in early to mid-2016 and one in late 2017, to suggest that the ALJ

erred in her findings in this domain. However, Dr. Kennedy and Dr. Gange issued their opinions having reviewed the record available to them in 2016—including the notes from these therapy visits—and they opined that the Plaintiff's limitation was "less than marked." *Id.* at 107, 117. The ALJ adopted this finding from their opinions. *Id.* at 26.

Accordingly, the ALJ's finding in the domain of Interacting and Relating with Others is supported by substantial evidence and the ALJ did not err in her discussion of the evidence.

**B.     Attending and Completing Tasks and Caring for Oneself**

In finding that the Plaintiff has less than a marked limitation in attending and completing tasks, the ALJ cited several pieces of evidence. AR 28. In this section of the decision, the ALJ noted that, at the consultative examination, the Plaintiff was described as not unusually hyperactive for a four-year-old. *Id.* Second, the ALJ noted that the Plaintiff displayed adequate attention during the formal WWPSI, being able to complete the test without problems. *Id.* Third, the ALJ cited December 2017 therapy notes revealing that the claimant was excited to talk about various projects that she had done in school and that she paid close attention to detail when discussing these projects. *Id.* The ALJ also commented that the notes showed that the Plaintiff participated well in a structured game of remembering steps in sequence and that she was able to reengage in therapy after a restroom break. *Id.*

As for this domain, the Plaintiff again argues that the ALJ gave a cursory and incomplete assessment of the evidence. The Plaintiff contends that the ALJ failed to explain whether these examples are reflective of the Plaintiff's typical behavioral patterns. Once again, the Plaintiff ignores the ALJ's earlier, thorough discussion of the evidence of record. *See id.* at 21–26. For example, the ALJ noted that the Plaintiff required therapy to address her attention issues. *Id.* at 23. The ALJ considered that, at a May 2015 therapy evaluation, the Plaintiff had difficulty with staying still and remaining focused on one activity. *Id.* (citing *id.* at 566). The ALJ noted that, at

7

a psychiatric assessment in February 2016, the Plaintiff was hyperactive and could not sit still and that she was diagnosed with ADHD. *Id.* (citing *id.* at 369). The ALJ noted that the Plaintiff was behaving hyperactively in June 2016, and that the Plaintiff presented as anxious and restless at a primary physician visit in September 2016. *Id.* at 24 (citing *id.* at 598, 639). The ALJ continued to note instances in 2017 in which the Plaintiff presented as hyperactive at various therapy and office visits. *Id.* at 24–25.

However, the ALJ also considered other evidence demonstrating better functioning. For example, the ALJ observed that, in September 2014, the Plaintiff was able to maintain attention for a significant time during her therapy session. *Id*. at 23 (citing *id.* at 283). The ALJ noted that Dr. Wax found that the Plaintiff displayed adequate attention, had no problem completing formal testing, and was not unusually hyperactive for a four-year-old. *Id.* at 24 (citing *id.* at 575). At that time, the Plaintiff was still taking Clonidine; but the ALJ noted that, on June 22, 2016, when Plaintiff was not taking Clonidine, she was behaving hyperactively. *Id.* at 24 (citing *id.* at 574, 598). The ALJ noted that Clonidine was added back in, and the Plaintiff was able to perform well in school. *Id.* (citing *id.* at 628). The ALJ recognized that, although Plaintiff was noted several times to be hyperactive during office visits in 2017, she was nevertheless doing well in school. *Id.* at 25. In fact, the ALJ noted multiple times that the record showed that the Plaintiff was doing well in school, and the Plaintiff presents no evidence to the contrary. *Id*. at 24–25 (citing *id.* at 628, 633, 648). The ALJ also considered therapy notes from December 2017 showing that the Plaintiff paid close attention to detail when discussing her school projects, participated well in a structured game of remembering steps in sequence, and could reengage in therapy after using the restroom. *Id.* at 25. Thus, once again, the ALJ considered evidence of fluctuations in functioning over the period at issue with respect to the Plaintiff's ability to attend and complete tasks.

The ALJ also properly considered the opinions of Dr. Kennedy and Dr. Gange, both of whom opined that, despite the Plaintiff's difficulty with ADHD and her other impairments, her limitations in the domain of "Attending and Completing Tasks" were "less than marked." *Id.* at 107, 117. Both doctors noted that the Plaintiff remained focused while undergoing formal intelligence testing, and they considered Dr. Wax's observation that the Plaintiff was not unusually hyperactive for a four-year-old. *Id.* at 107, 117, 575. In addition, Dr. Gange specifically noted records from Meridian Health observing that the Plaintiff struggled with staying still and focused on one activity; however, Dr. Gange also noted that the Plaintiff displayed the ability to redirect in the office and that the Plaintiff's mother's expectations were higher than the Plaintiff's ability. *Id.* at 117. Thus, the ALJ appropriately considered the evidence of record and adopted the assessments of Dr. Kennedy and Dr. Gange in finding that the Plaintiff had less than marked limitations in "Attending and Completing Tasks." *Id.* at 28.

The Plaintiff also argues that the ALJ ignored that she missed 37 to 40 days of school during the kindergarten year, arguing without citation to any authority, that school absences are reflective of a child who has "marked" or "extreme" gradation in the domain of "Attending or Completing Tasks" and in the domain of "Caring for Oneself." However, the Plaintiff offers no context for these absences to suggest that they reflect on her ability to function in either domain. As the Commissioner notes, one teacher commented at the end of the first quarter, when the Plaintiff had missed ten days of school, that the Plaintiff "comes in each day ready to learn and do her very best!" *Id.* at 259. The absences, without more, do not undermine the ALJ's findings in either domain.

Finally, the Plaintiff argues that the ALJ ignored her diagnosis and treatment for separation anxiety to undermine the ALJ's findings in the domain of "Caring for Oneself." However, the ALJ specifically noted that the Plaintiff and her family were scheduled for

individual and family therapy "based upon an evaluation that had assessed the claimant with separation issues." AR 23. The ALJ also observed that school records nevertheless showed that the Plaintiff was doing well in kindergarten, there had been no complaint from the school, and the Plaintiff herself reported that she loved going to kindergarten. *Id.* at 25. The Plaintiff has not shown any error in the ALJ's consideration of this evidence.

The ALJ's finding in the domain of "Attending or Completing Tasks" is supported by substantial evidence, and the Plaintiff has not shown any error in the ALJ's analysis of the domains of "Attending or Completing Tasks" or "Caring for Oneself."

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the relief sought in the Plaintiff's Opening Brief [ECF No. 14] and AFFIRMS the decision of the Commissioner of the Social Security Administration.

SO ORDERED on April 12, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
